IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AL JOHNSON, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-5001-B-BH |
| ) | |
| RETAIL PLAZA INC., et. al, ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, Plaintiff's claims should be **DISMISSED** for lack of subject-matter jurisdiction.

**I. BACKGROUND**

The plaintiff is a self-described "noted entertainer" who performs as a guest at different karioke shows. (Compl. (doc. 3 at 1). He was attacked and injured by five men on premises apparently owned by the corporate defendant, which leases to several businesses at the location of the attack. (*See id.*; Magistrate Judges Questionnaire (MJQ) Ans. (doc. 8).)[1] The plaintiff sues the defendant and its leasing manager for negligently failing to provide adequate security,[2] and seeks damages for his injuries and medical expenses. *Id.*

**III. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power

---

[1] Plaintiff's sworn answers to the MJQ constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] Plaintiff's complaint states that he "amend[s] this original petition plaintiff(s) CITY OF DALLAS, THE DALLAS PPOLICE DEPARTMENT, DALLAS FIRE AND RESCUE". (*See* doc. 3.) The complaint is not construed as asserting claims against these entities because (1) it contains no allegations against these defendants, (2) he did not name these entities as defendants in his answers to the MJQ, and (3) he has another lawsuit currently pending against these entities, No. 3:12-CV-5002-O.

authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, the plaintiff's cause of action against the defendants for negligence and/or premises liability arises solely under state law. Although he makes conclusory allegations of a hate crime, civil rights violations, failure to provide aid and discrimination (*see* doc. 8), he neither identifies nor asserts any federal causes of action against the defendants. Neither does he make any allegations to support any federal cause of action against the defendants. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Here, the plaintiff does not

allege that either of the defendants are residents of another state.  He has therefore not met his burden to show that complete diversity exists between the parties, and his state law negligence claim should be dismissed for lack of subject-matter jurisdiction.  *See Dupre v. University Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state).

### IV.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED on this 31st day of December, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3